[L.A. No. 29829. In Bank. May 22, 1972.]

FRANK COLLINS et al., Plaintiffs and Appellants, v.
PETE ROCHA et al., Defendants and Respondents.

## COUNSEL

Ralph Santiago Abascal, Dennis R. Powell, Edgar A. Kerry and Peter Haberfeld for Plaintiffs and Appellants.

Hutton, Foley & Anderson and Peter D. Anderson for Defendants and Respondents.

## OPINION

**MOSK, J.**—We are called upon to determine in this case whether the trial court erred in sustaining a demurrer to plaintiffs' complaint on the ground that it did not meet the requirements for a class action.

The complaint sets forth three causes of action on behalf of the class, based upon theories of fraud or deceit, negligent misrepresentation, and breach of contract.[1] It is alleged that the class consists of the 9 named plaintiffs and 35 others, all economically deprived farm workers who entered into a contract with Pete Rocha, the named defendant, a farm labor contractor in Monterey County. Does I through X are also joined as defendants; they are asserted to be persons, corporations, and business as-

---

[1] A fourth cause of action on behalf of three named plaintiffs for wages due was not alleged as a class action.

sociations in Monterey, the agents of their codefendants and acting within the scope of their authority in performing the acts described.[2]

The complaint alleges that on December 30, 1968, plaintiffs, who were present at the office of the Farm Labor Service of the Department of Employment in Los Angeles for the purpose of obtaining employment, were told by a representative of the office that defendant had work for them. Through an agent, defendant represented to plaintiffs, who gathered together for the purpose of ascertaining the terms and conditions of the job, that there was employment available harvesting chili peppers in Monterey County, that the work would require one or two weeks, six or seven days a week, eight or nine hours a day, and that the compensation would be $1.65 an hour.

The complaint continues: these representations were false in that six of the named plaintiffs and all others similarly situated were summarily discharged without explanation three hours after they began work and the three remaining named plaintiffs and all others similarly situated were discharged within three days. It was obvious that defendant had transported to the Monterey site more workers than he could utilize since there was only one harvesting machine available for use. Defendant had hired the 44 plaintiffs in Los Angeles and transported them nearly 400 miles with the undisclosed plan of discharging all but the best qualified. Defendant also falsely represented that return transportation to Los Angeles would be provided at the conclusion of the job, that the camp at the job site was clean, and that television sets would be available for plaintiffs' use. Plaintiffs justifiably relied on defendant's representations, were ignorant of their falsity, and were induced to enter into contracts with defendant in reliance thereon.

The first cause of action alleges that defendant made the representations in order to defraud plaintiffs and to induce them to travel from Los Angeles to Monterey County for the purpose of engaging in agricultural labor. Compensatory damages of $1,000[3] and punitive damages of $1,000 are sought on behalf of each plaintiff.

The second cause of action asserts that at the time defendant made the

---

[2]For literary convenience, the members of the purported class will be referred to merely as "plaintiffs," and the named plaintiffs will be referred to as such. Rocha will be referred to as "defendant," since he is the sole defendant designated by name in the complaint.

[3]The compensatory damages in the first cause of action are apparently only for $500, but the complaint seeks double this amount under the authority of section 972 of the Labor Code, which will be discussed *infra*.

representations he did not have any information regarding the length of time the work would be available. The prayer seeks $500 in compensatory damages and $1,000 in punitive damages.

The third cause of action alleges that plaintiffs entered into an oral agreement with defendant for employment for the period and compensation set forth above, that they performed all the conditions of the contract but defendant refused to permit them to complete their performance, and they seek $207.90 each, the wages to which each of them allegedly would have been entitled if defendant had carried out his obligation under the agreement.

Defendant filed a general and special demurrer on the grounds inter alia that the three causes of action did not constitute a proper class action, that there was a misjoinder of parties, and that the superior court had no jurisdiction of the subject matter of the action. The trial court sustained the demurrer on the ground that no class action was stated because there was no ascertainable class with the same community of interest. The court recited as its rationale for this conclusion that each member of the alleged class would be required to show he relied on the representations made and that separate bases might exist for the discharge of each class member.[4] The action was transferred to the municipal court, apparently because the damages sought were below the amount required for the jurisdiction of the superior court if the suit could not proceed as a class action. (See Cal. Const., art. VI, § 10; Code Civ. Proc., § 89.)

We review the complaint pursuant to the well settled rule that a general demurrer admits the truth of all material factual allegations therein, that the ability of plaintiffs to prove the allegations is not considered by the reviewing court and that plaintiffs need only plead facts indicating they may be entitled to some relief. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)

The trial court's ruling preceded our decision in *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964]. In *Vasquez* the asserted class consisted of a group of consumers who had purchased merchandise under installment contracts and sought rescission of the contracts because of fraudulent misrepresentations. We held that the trial

---

[4]The trial court's order also stated that the first and second causes of action did not show with sufficient particularity who made the representations to plaintiffs, and that the complaint did not state the representations were authorized by defendant. Any defect in these respects would not relate to the issue of whether a class action was stated; presumably such deficiencies were to be dealt with in the course of further proceedings in the municipal court.

court erred in sustaining a demurrer to the complaint, that a class action was properly alleged since the class members were ascertainable, and that they should be given an opportunity to demonstrate a community of interest. Among the elements which the plaintiffs were required to prove in *Vasquez* was their reliance upon representations made to them by the defendants. We concluded that an inference of reliance arises if a material false representation was made to the plaintiffs whose acts thereafter were consistent with reliance upon the representations.

■ The *Vasquez* principles are controlling in the case at hand. The complaint alleges that the members of the class are readily ascertainable, and plaintiffs' indication that both the Farm Labor office and defendant's records would reveal the identity of each member of the class remains undenied.[5] As to the issue of reliance, the complaint alleges that plaintiffs were gathered together to learn the details of the job with defendant and that the representations were made at that time. If the representations were in fact made at one time and one place to all class members, and if they thereupon simultaneously accepted employment, a persuasive inference that each of them relied upon the representations arises without separate proof of reliance by each plaintiff.

The second reason given by the trial court for sustaining the demurrer was that there was no community of interest since separate questions might exist as to the reason for the discharge of each class member. The complaint alleges, however, that defendant deliberately hired more farm workers than he required, representing that the work would last one or two weeks, transported them nearly 400 miles, and discharged all but the best qualified within three hours or three days of their arrival. The gravamen of these allegations is that defendant did not intend to comply with the original representations as to the duration of the work and that he deliberately recruited more workers than the harvesting justified, determining in advance to discharge the excess before the specified period had elapsed. If these allegations are established by evidence at trial, there would be no rational doubt as to the reason underlying the discharge of each class member.

Defendant maintains also that a class action is inappropriate because

---

[5]Defendant argues that if the class members' identities can so readily be ascertained, plaintiffs' counsel should discover them and add them as named parties plaintiff. In response plaintiffs point out the ethical inhibition upon solicitation of professional employment. (Rules of Professional Conduct, rule 2, 1 Cal.3d Rules 51; but see *Halverson* v. *Convenient Food Mart, Inc.* (7th Cir. 1972) 458 F.2d 927.)

each purported class member is claiming damages of more than $3,700 and, therefore, it would be practical to file a separate suit on behalf of each plaintiff. However, the actual maximum amount sought by each class member is not $3,700.00, but $2,207.90.[6] ██ In *Vasquez* we indicated that while the impracticability of bringing an individual action for comparatively small potential recovery was a consideration in favor of permitting a class action, the converse was not necessarily controlling, i.e., the possibility of a potential recovery for each class member larger than a nominal sum does not militate against the maintenance of such an action. Indeed, the recovery sought by each class member in *Vasquez* was considerably more than that involved in the instant case.[7] A fortiori, the amount prayed for here does not per se render a class action inappropriate.

Finally, defendant argues, a class action is improper because the issue of damages must be separately litigated as to each plaintiff. ██ Undoubtedly, after liability is established, such elements as the earnings of each individual plaintiff must be shown in order to assess his collectible damages, but as we pointed out in *Vasquez,* that each class member might be required ultimately to justify an individual claim does not necessarily preclude the maintenance of a class action. (4 Cal.3d at p. 815.)

██ The ultimate question in every case of this type is whether, given an ascertainable class, the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants. ██ Here, if the named plaintiffs prove the allegations of their complaint there is at least a substantial likelihood that only the issue of damages will require separate proof for each class member, and this is a relatively uncomplicated problem since it turns largely upon the earnings of each plaintiff for the brief period following his discharge. Therefore, under all the circumstances, the trial court erred in sustaining the demurrer on the ground that plaintiffs did not state a proper class action.

---

[6]The first cause of action seeks $2,000 in compensatory and punitive damages on behalf of each class member on the ground of fraud or deceit, while the second prays for $1,500 for each plaintiff on the theory of negligent misrepresentation. The third seeks damages of $207.90, representing the wages to which each plaintiff would allegedly have been entitled if he had been permitted to complete his contract of employment. Obviously, the first and second causes of action are in the alternative. If judgment were in favor of plaintiffs on the first and third causes of action each could recover a maximum of $2,207.90, plus interest.

[7]In *Vasquez* each plaintiff sought return of between $1,300 and $1,700, representing the total obligation on his contract, $1,000 for damage to his credit standing, and $5,000 in punitive damages. (4 Cal.3d 800 at p. 815, fn. 11.)

Defendant raises several other issues regarding the sufficiency of the complaint, but these contentions relate for the most part to uncertainty of the allegations in various respects. For example, it is contended that the complaint does not clearly allege that each member of the class heard the misrepresentations regarding the conditions of employment and that the authority of the agent who purportedly made the representations to plaintiffs on behalf of defendant is not asserted.[8] ■ Defendant failed to raise the first of these grounds by special demurrer and must be deemed to have waived any defect in this regard. (Code Civ. Proc., § § 430, 434; *Drennan* v. *Star Paving Co.* (1958) 51 Cal.2d 409, 417 [333 P.2d 757].) Although the trial court ruled in defendant's favor as to the second ground, the court obviously did not view such uncertainty as constituting an incurable substantive defect since it tranferred the action to the municipal court for further proceedings.

We note, for the guidance of the trial court, one issue which might arise in subsequent proceedings. Plaintiffs contend that their first cause of action states not only a cause for deceit but also a claim for damages under sections 970-973 of the Labor Code. Section 970 provides that no person or agent shall persuade or engage any person to "change from one place to another" in the state for the purpose of working in any branch of labor by means of knowingly false representations concerning the existence of such work, the duration of the work, or the sanitary or housing conditions relating to the work. Section 971 makes violation of section 970 a misdemeanor and section 972 provides for civil damages in an amount double the actual loss caused by the misrepresentations.

Defendant argues that Labor Code section 970 is not applicable to the facts alleged in the complaint because the words "to change" in the section contemplate a permanent change of residence and not merely a temporary job of approximately two weeks for which transportation is to be provided both ways by the employer.

We can find nothing in section 970 which would justify the restrictive interpretation suggested by defendant. ■ The words "to change from one place to another" import temporary as well as permanent relocation of residence, as contrasted with a mere change in the site of employment. The quantitative fact that the change of residence was to be only for two

---

[8]As we have seen (fn. 4, p. 236, *ante*) the trial court, in sustaining the demurrer, found that the first and second causes of action did not indicate with sufficient particularity who made the representations to plaintiffs or that defendant authorized that the representations be made.

weeks rather than for a longer period would not appear to affect the qualitative misrepresentations, nor does it render the statute inapplicable.

The order of the trial court is reversed.

Wright, C. J., McComb, J., Peters, J., Burke, J., and Sullivan, J., concurred.