[Civ. No. 13005. Third Dist. Oct. 24, 1972.]

BRONISLAW METOWSKI et al., Plaintiffs and Appellants, v. TRAID CORPORATION, Defendant and Respondent.

## Counsel

Rich, Fuidge, Dawson, Marsh & Morris, Rich, Fuidge, Dawson, Marsh, Morris & Sanbrook and Charles C. Dawson for Plaintiffs and Appellants.

Steel & Arostegui, Robert W. Steel, Nossaman, Waters, Scott, Krueger & Riordan, Richard R. Mainland and Arthur R. Chenen for Defendant and Respondent.

## Opinion

**KEANE, J.**[*]—Fifty named plaintiffs sue individually and as members of a class consisting of themselves and 100,000 other purchasers of Fotron cameras. Demurrers to plaintiffs' third amended complaint were sustained. The trial court held that plaintiffs could not maintain a class action, sustained demurrers without leave to amend to that aspect of plaintiffs' pleading and entered judgment of dismissal of the class suit. Plaintiffs appeal from the judgment. Thus, we are called upon to determine whether the trial court erred in sustaining the demurrer on the ground the complaint did not meet the requirements of a class action.[1]

The complaint sets forth four causes of action on behalf of the class, based upon theories of express warranty, implied warranty of fitness, implied warranty of merchantability, and fraud or deceit. It is alleged that defendant is a California corporation which manufactures and sells Fotron electronic cameras. On and after December 31, 1966, plaintiffs purchased cameras from defendant, all members of the class entering into identical installment contracts. The time sale price on all contracts was $491.60. Identity of the members of the class can be ascertained from the books and records of defendant company. The fair and reasonable value of the cameras purchased is the sum of $40. There are common interests of fact and law which unite the named plaintiffs and all members of the class in whose behalf the action is instituted.[2]

---

[*]Assigned by the Chairman of the Judicial Council.

[1]This action stands or falls without reference to the Consumers Legal Remedies Act (Civ. Code, §§ 1750-1784), which limits itself to actions filed in 1971 and thereafter. The present lawsuit was filed in August 1970.

[2]The common interests of facts and law are alleged to be as follows:

"1. Each plaintiff hereinabove mentioned and each member of plaintiffs' class has signed a retail installment sales contract on or after December 31, 1966.

"2. Each of the plaintiffs hereinabove mentioned and each member of plaintiffs'

The first cause of action alleges defendant expressly warranted the camera to be an "electronic color camera," that the camera was protected by a United States patent number, "that the 'strobe' light which forms part of the camera flashes at .1000 of a second" making it possible to get "excellent action pictures outdoors at night or in a darkened room," that the camera is a sturdy product, and that it is guaranteed to take "ten excellent color pictures" from a roll of color film. The warranties were made in writing to each member of the class, were relied upon by plaintiffs, were false, and by reason of the breach plaintiffs were damaged.

The second cause of action asserts that defendant knew the cameras were purchased for a particular purpose, i.e., the taking of color photographs, that defendant impliedly warranted the camera to be fit for that purpose, that plaintiffs relied upon defendant's expertise and were induced to make the purchase by reason of the implied warranty, and that because of the design and construction of the camera it was unfit for the special

---

class was induced to purchase the Fotron 'electronic color camera', by the defendant TRAID CORPORATION.

"3. Each retail contract stated that the payments under it shall be due and payable in the County of Los Angeles, State of California.

"4. Each plaintiff hereinabove mentioned and each member of plaintiffs' class were charged a time sale price of $491.60.

"5. Each plaintiff hereinabove mentioned and each member of said plaintiffs' class were charged the $10.00 down payment, receipt of which was acknowledged by and upon the retail installment contract.

"6. Each plaintiff hereinabove mentioned and all members of plaintiffs' class paid the sums of money to the defendant TRAID CORPORATION.

"7. Each plaintiff hereinabove mentioned and all members of plaintiffs' class received a Fotron 'program' coupon book from the defendant TRAID CORPORATION. Each Fotron 'program' coupon book bore an account number, which was keyed to the individual purchaser of the Fotron 'electronic color camera'.

"8. Each plaintiff hereinabove mentioned and each member of plaintiffs' class received directly from the Fotron Corporation one Fotron 'electronic color camera'.

"9. Each plaintiff hereinabove mentioned and all members of plaintiffs' class received a Fotron 'electronic color camera' which bore the inscribed notation on its upper surface: 'Traid Corporation Patent No. 3,296,940'.

"10. All of the Fotron cameras received and owned by plaintiffs herein and all members of plaintiffs' class are absolutely identical in appearance, design, mechanical function, size, shape, weight and all other respects.

"11. Each plaintiff herein mentioned and all members of plaintiffs' class received written warranties from the defendant TRAID CORPORATION with regard to the Fotron 'electronic color camera'.

"12. Each plaintiff herein mentioned and all members of plaintiffs' class relied upon the written warranties of the defendant TRAID CORPORATION.

"13. As to each plaintiff herein mentioned and as to all members of plaintiffs' class, there was a breach of warranties as to them and notice as to the defendant.

"14. Each plaintiff and all members of plaintiffs' class herein have sustained damage.

"15. Each plaintiff herein mentioned and each member of plaintiffs' class received the Fotron 'electronic color camera' directly from the defendant TRAID CORPORATION in Glendale, California."

purpose for which it was purchased. Because of this breach of implied warranty, plaintiffs were damaged.

The third cause of action alleges that defendant impliedly warranted the camera to be of merchantable quality fit for the ordinary purpose for which such goods are used, that the camera was not suited for such purpose, and plaintiffs were damaged as a result thereof.

The fourth cause of action sounds in fraud, alleging defendant made in writing, 19 representations to each member of the class. It is further alleged the representations were false, that plaintiffs justifiably relied upon defendant's representations, were ignorant of their falsity, and were induced to enter into the contracts with defendant in reliance thereon.

The complaint prays for actual damages in the sum of $451.60 for each member of the class, this being the difference between the alleged reasonable value of the camera and its contract price, and punitive damages as to each member of the class in the sum of $1,000.

### The Fraud Cause of Action

We commence our review of the complaint, keeping in mind the well settled rule that a demurrer admits the truth of all material factual allegations contained in the complaint. A reviewing court may not consider the ability of plaintiffs to prove their allegations. Plaintiffs need only plead facts which indicate they may be entitled to some relief. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216]).

The ruling of the trial court was made prior to the decision of the Supreme Court in *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964]. In *Vasquez* the class consisted of a group of consumers who had purchased food and freezers and were seeking rescission of their contracts upon the ground of fraudulent representations. The Supreme Court, there, held the trial court erred in sustaining a demurrer to the complaint. A class action was proper since the members of the class were readily ascertainable; therefore, plaintiffs should have the opportunity to show that the required community of interest existed among the members of the class. It was strongly contended in *Vasquez* that reliance upon the representations could only be proved by testimony from all individual members of the class. However, the court concluded that an inference of reliance arises where a material false representation is made and the plaintiffs thereafter acted in a manner consistent with the representations.

The *Vasquez* principles are controlling in the case at bench insofar as the fourth cause of action is concerned. The complaint alleges plaintiffs constitute an easily ascertainable and definite class in that all the members of the class, as purchasers of Fotron cameras, can be identified from the books and records of defendant.

On the issue of reliance, the complaint alleges 19 identical misrepresentations were made in writing to each member of the class. If the representations were in fact made in writing to each member of the class, and plaintiffs thereupon entered into the contracts of purchase as alleged, then a persuasive inference of reliance upon the representations arises without the necessity of testimony on that issue from each individual member of the class.

Falsity of the representations can be proved as to all members of the class without calling them individually to testify, since proof of the allegations as to the quality and value of the camera would be the same as to all.

No more serious problems are presented in the case at bench in the ascertainment of damages to members of the class than were presented in *Vasquez*. The damages to each purchaser would be the same, but the actual money amount owing each purchaser would vary in accordance with his own payments on the contract. Each member of the class, assuming the trier of fact were to decide adversely to the defendant, would have the duty to show his own loss. " . . . ultimately each class member will be required in some manner to establish his individual damages [but] this circumstance does not preclude the maintenance of the suit as a class action." (*Vasquez* v. *Superior Court, supra,* at p. 815.)

Defendant urges that the number and nature of the representations should preclude relief. Plaintiffs have alleged 19 misrepresentations were made to each of them, in writing, which induced their respective purchases. However, it would appear that there would be no more difficulty in proving the truth or falsity of this number of representations in a class action than in actions brought by individual plaintiffs.

It is intimated by defendant that the size of the class makes this an improper class action. Defendant does not cite to this court any authority for this proposition, and, indeed, in *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732], the class consisted of all those persons who had used the cab company within the preceding four years. Moreover, it seems that the salutary purposes to be served by maintenance of a class action are enhanced as the number in the class expands.

We conclude the trial court erred in sustaining the demurrer to the fourth cause of action.

### The Warranty Causes of Action

Defendant's attack upon the warranty causes of action consists primarily of a two-pronged assault: First, defendant argues that timely notice to defendant of the breach, as required by California Commercial Code section 2607, can only be proved by testimony from the individual purchasers; second, defendant contends the second cause of action on implied warranty of fitness is not maintainable as a class action since such a warranty cannot be shown except by proof of the special circumstances peculiar to each individual transaction.

Commercial Code section 2607 provides that the "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . ." A similar notice requirement was included in former Civil Code section 1769. (And see *Whitfield* v. *Jessup* (1948) 31 Cal.2d 826, 830 [193 P.2d 1].)

In their warranty counts, plaintiffs have attempted to satisfy the notice requirement of section 2607 by alleging that "the Defendants on or about April 1, 1969 were notified of their collective breach of warranty." ██ Notice must not only be pleaded; it must also be proved. (*Vogel* v. *Thrifty Drug Co.* (1954) 43 Cal.2d 184, 188 [272 P.2d 1].) ██ The purpose of the demand for notice is to protect the seller from stale claims. (*Whitfield* v. *Jessup, supra,* 31 Cal.2d at p. 828.) Where the merchandise was sold under circumstances which indicate that the seller acted in bad faith and was aware of the breach at the time of the sale, demand for notice of the breach from each and every member of the class may be a meaningless ritual. ██ Nevertheless, the statutory demand for notice applies even where the breach of warranty action is framed according to a tort theory. (*Whitfield* v. *Jessup, supra,* 31 Cal.2d 826, 829-830.) At any rate, we cannot assume that satisfied buyers of the Fotron camera will join the class suit in an attempt to get damages. ██ A more appropriate assumption is that those buyers will seek recovery who became dissatisfied with their purchases and made a prior demand for refund or other satisfaction. If made within a reasonable time, such a demand would satisfy the notice requirement of section 2607. ██ Conceivably, the statutory demand for notice might be satisfied by proof of complaints from some but not all the buyers of the product. Such an approach might be particularly appropriate where the failure of the merchandise to conform to express warranties was known to or reasonably discoverable by the seller at the time of the sales.

■ However, "[t]he ultimate question in every case of this type is whether, given an ascertainable class, the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants." (*Collins* v. *Rocha* (1972) 7 Cal.3d 232, 238 [102 Cal.Rptr. 1, 497 P.2d 225].)

In *Daar* v. *Yellow Cab Co., supra,* 67 Cal.2d 695, plaintiffs, taxicab passengers, brought a class action against the cab company to recover excessive charges collected over a four-year period. The complained of practice—overcharge of cab fares—resulted from the uniform practice of rigging meters in the taxicabs. Thus, the only variance among members of the class was the amount of such overcharges paid which could be determined from defendant's records. The fact that each plaintiff would ultimately have to prove his separate claim for a part of any class recovery was considered only "a factor" in determining propriety of the class action, to be balanced against the benefits of such an action to the litigants and the court. The court noted: "As we are not unmindful that substantial benefits resulting from class litigation, both to the litigants and to the court, should be found before the imposition of a judgment binding on absent parties can be justified, our determination depends upon whether the common questions are sufficiently important to permit adjudication in a class action rather than in a multiplicity of separate suits." (*Id.* at p. 713.)

The *Daar* court held a class action was maintainable on the basis of finding the following substantial benefits: the principal issues to be litigated in a class action would be the same issues if individual actions were brought (*id.* at p. 714); multiple litigation would be avoided (*id.* at p. 715); and the relatively small amount of damages sought by each class member would make individual recovery economically infeasible. (*Id.* at p. 715.)

■ In the case at bench, the complaint contains the following allegations establishing a well-defined community of interest in questions of fact affecting the class of purchasers described therein: each plaintiff signed an identical installment sales contract; each plaintiff was induced to purchase a camera because of warranties made by defendant; each plaintiff paid the same purchase price; each plaintiff received directly from defendant a Fotron camera identical in appearance, design, mechanical function, size, shape, and weight; each plaintiff received written warranties from defendant; each plaintiff relied upon the warranties made by defendant; as to each plaintiff there was a breach of warranty; each plaintiff sustained damage. It may easily be assumed that these issues which are common among the members of the class would be the principal issues in any individual action.

It is equally obvious that in the case at bench multiple litigation is avoided by allowing a class action. Further, the complaint prays for actual damages in the sum of $451.60 and punitive damages in the sum of $1,000—a relatively small amount of damages sought by each member of the class, making individual recovery economically infeasible.

We are not persuaded, then, of the validity of defendant's argument that because the issue of timely notice must be separately litigated as to each plaintiff a class action is improper here. After liability is established, this element of timely notice by each plaintiff could be shown in order to assess his own individual collectible damages, but as was pointed out in *Vasquez,* that each class member might be required ultimately to justify an individual claim does not necessarily preclude the maintenance of a class action. (4 Cal.3d at p. 815; also see *Collins* v. *Rocha, supra,* 7 Cal.3d 232, at p. 238.)

However, defendant properly attacks the second cause of action wherein plaintiffs allege an implied warranty of fitness for a particular purpose. Such an implied warranty arises only where the purchaser at the time of contracting intends to use the goods for a particular purpose; the seller at the time of contracting has reason to know of this particular purpose; the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose; and the seller at the time of contracting has reason to know that the buyer is relying on such skill or judgment. (See Cal. U. Com. Code, § 2315 and comment thereto; *Holmes Packaging Mach. Corp.* v. *Bingham* (1967) 252 Cal.App.2d 862, 873 [60 Cal.Rptr. 769].)

Each of these elements may be established only by testimony from each purchaser as to what his intended purpose was, whether he relied on defendant's skill and judgment, whether defendant had reason to know of his particular purpose and his reliance. There is no common method by which each class member's reliance and defendant's knowledge of this reliance and the intended purpose may be proved. The intended purposes and extent of reliance by each of the more than 100,000 class members will vary greatly. Testimony of each individual purchaser would be required to determine the degree of expertise in photography which he possesses and, therefore, the extent and reasonableness of his reliance on the skill and judgment of defendant.

Additionally, as emphasized in the comment to section 2315 of the Commercial Code, whether a seller has reason to know of the intended purpose and reliance is a question of fact to be determined from all the circumstances of the particular sales transaction. No common method of

proof has been alleged, nor could any such common method be truthfully alleged with respect to this large a group of purchasers.

As to the first, third and fourth causes of action the judgment of the trial court is reversed; as to the second cause of action, the judgment of the trial court is affirmed. Costs of appeal will be borne by defendant.

Friedman, Acting P. J., and Regan, J., concurred.