[Civ. No. 44072. Second Dist., Div. Two. Mar. 10, 1975.]

LEWIS D. EATON et al., Plaintiffs and Appellants, v.
VENTURA PORT DISTRICT et al., Defendants and Respondents.

**COUNSEL**

Holt, Taylor & McCord, Robert L. McCord, Jr., Dan Holt, Jr., Atkinson, Boller & Falls and Walter Atkinson for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Robert H. Francis, Deputy Attorney General, Dunne, Shallcross & Kane, Mark C. Kane, Benton, Orr, Duval & Buckingham, Edwin Duval, Reilly, Holzhauer & Nimmo, Albert J. Holzhauer and Terrance J. Bonham for Defendants and Respondents.

**OPINION**

**COMPTON, J.**—This is an appeal from a judgment of dismissal of unnamed plaintiffs based upon an order determining that the instant action may not be maintained as a class action.

Plaintiffs are members of an organization known as the Ventura Marina Protective Association. By unverified complaint they seek to bring a class action for declaratory relief and for damages on behalf of some 160 named members, and a class of unnamed persons described as ". . . all others similarly situated, who were owners of boats and other property damaged, and/or destroyed or lost at the Ventura Marina in San Buenaventura, California . . . ." The damage to the plaintiffs' property allegedly occurred when, as a result of abnormally heavy rains, the Santa Clara River overflowed, flooded the marina and damaged boats and other property located there.

In addition to their class action counts plaintiffs have filed individual counts for relief in the same complaint. These individual counts for

damages are unaffected by the order dismissing the class action phase and the unnamed plaintiffs from the lawsuit.

Defendants are public entities, the Ventura Port District which designed and operated the marina, the City of San Buenaventura, within whose boundaries the marina is situated, the City of Oxnard, Ventura County, Ventura and Los Angeles Flood Districts, the County of Los Angeles, County of Santa Barbara Flood Control and Water District, and the State of California, acting through its Department of Harbors and Watercraft. In addition, 100 Does are listed as defendants.

Among the 1,321 counts contained in the first amended complaint there are various allegations sounding in negligence, conversion, breach of contract, breach of warranty and strict liability. The negligence allegations in turn are varied, i.e., negligent design and construction of the marina, negligent failure to give warning of impending disaster and negligent failure to safeguard property. Apparently the claim of conversion relates to property lost during salvage operations.

The allegations as to damages include:

"1.) Damage to and depreciation in value of or destruction of their boats.

"2.) Damage to and/or destruction of other personal property.

"3.) Damages caused by loss of occupancy and cost of moving to and renting other premises in which to live in the cases where the plaintiffs and the other Ventura Marina boat owners lived aboard.

"4.) Loss of use of their boats and other personal property.

"5.) Damages caused by personal injuries.

"6.) General and other damages."

Some plaintiffs are lessees who leased varying types of space in the marina, some are not. Some plaintiffs had boats damaged, others lost them entirely. Some plaintiffs suffered damage to other types of personal property. Some plaintiffs apparently suffered personal injury, others did not.

The claimed liability of the several defendants varies according to their particular relationship to or activity in connection with the marina in terms of diverting and chanelling the Santa Clara River, construction of the marina, operation of the marina or providing police protection in the area.

The trial court's order denying plaintiffs' ability to maintain a class action and dismissing the unnamed plaintiffs from the lawsuit was based upon that court's determination that (1) a class action cannot be maintained against public entities under the circumstances alleged in the complaint, citing *Bozaich* v. *State of California,* 32 Cal.App.3d 688 [108 Cal.Rptr. 392]; (2) there is no ascertainable class; and (3) there is no well-defined community of interest in question of law and fact involved.

Code of Civil Procedure section 382 permits the maintenance of a class action ". . . when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

■ It is well established that in a class action the right of each individual to recover may not be based upon a separate set of facts applicable only to him. (*Vasquez* v. *Superior Court,* 4 Cal.3d 800, at p. 809 [94 Cal.Rptr. 796, 484 P.2d 964]; *Weaver* v. *Pasadena Tournament of Roses,* 32 Cal.2d 833 [198 P.2d 514].) There must be a factual nexus or a common denominator between the members of the class so that a class action would be advantageous to both the judicial process and the litigants. (*Collins* v. *Rocha,* 7 Cal.3d 232 [102 Cal.Rptr. 1, 497 P.2d 225].)

The California Tort Claims Act in waiving the sovereign immunity of governmental entities requires as a condition precedent thereto compliance with Government Code section 910, which provides: "A claim shall be presented by the claimant or by a person acting on his behalf and shall show: (a) The name and post office address of the claimant; (b) The post office address to which the person presenting the claim desires notices to be sent; (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim; (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known; and (f) The amount claimed as of the date of presentation of the claim, including the

estimated amount of any prospective injury, damage or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed."

The purpose of this claim-filing statute is to give the public entity the opportunity to investigate and negotiate settlement of claims (*Bozaich, supra; C. A. Magistretti Co.* v. *Merced Irrigation Dist.,* 27 Cal.App.3d 270 [103 Cal.Rptr. 555]), and thus avoid litigation. The filing of a claim is not simply an exercise in paper work or a perfunctory condition precedent to instituting litigation. There must be compliance with the requirements of the statute which will permit the government to make a meaningful decision in allowing or disallowing the claim. A vague claim of seemingly unlimited liability provides a governmental agency, which has the responsibility of guarding the public treasury, no option but to deny the claim and invite litigation, a result which is not in keeping with the spirit and purpose of the claim statute.

This problem was recognized in *Bozaich* v. *Superior Court, supra,* in denying property owners and tenants the right to maintain a class action against the state for relocation expenses where property was taken in eminent domain.

Subsequent to *Bozaich,* and subsequent to the filing of the instant action, the Supreme Court in *City of San Jose* v. *Superior Court,* 12 Cal.3d 447, at page 457 [115 Cal.Rptr. 797, 525 P.2d 701], held that the term "claimant" as used in Government Code section 910 equates with a "class" and thus a claim may be filed on behalf of a class.

However, ". . . to satisfy the claims statutes, the class claim must provide the name, address, and other specified information concerning the *representative* plaintiff and then sufficient information to identify and make ascertainable the class itself. Because such information would meet the statutory requirements of name and address, *any* effort to identify the class would satisfy the *some compliance* test.[1] Beyond this, the sufficiency of the identifying information must be measured by the *substantial compliance* test."

Here the plaintiffs allege in their complaint that class claims on

---

[1]The so-called "some compliance" test has reference to that line of cases applying a substantial compliance test to those claims which attempted compliance, albeit defective, with all the required elements of the statute, as contrasted to those claims which failed completely to comply with a particular requirement. (See *City of San Jose* v. *Superior Court, supra,* at p. 456.)

behalf of the entire class of plaintiffs and those "similarly situated" were in fact filed but a copy of such claim has not been provided for our view.

The *San Jose* court did not address the question of what would constitute substantial compliance with the statutory requirements in the case of a class claim. Whether the descriptive phrase "those similarly situated" would constitute substantial compliance was left open.

As we observed earlier any responsible governmental entity would be chary about approving a claim which might result in substantial unforeseeable liability. ██ Thus, at a minimum, in order for a class claim to be considered to substantially comply with Government Code section 910, it must contain sufficient information to enable the governmental entity, either from its own records *(Bozaich* v. *Superior Court, supra)* or from the claim itself, to reasonably determine the circumstances which it is claimed give rise to liability and the possible outer limits of that liability. Unless this is done, denial of such claims will be the order of the day and the filing of such claims will become nothing more than paper compliance with a condition precedent to litigation, thereby subverting the purpose of the claim requirement.

██ The burden was on the plaintiffs to show that they were entitled to maintain a class action and the determination of such entitlement was within the discretion of the trial court upon application of the correct criteria. *(Vasquez* v. *Superior Court, supra; Petherbridge* v. *Altadena Fed. Sav. & Loan Assn.,* 37 Cal.App.3d 193 [112 Cal.Rptr. 144].)

Since we do not have the class claim before us we infer that it failed to substantially comply with the statute and affirm the trial court's judgment which is entitled to a presumption of correctness.

A declaration filed on behalf of defendants states that the class claim contained no more information than appears in the complaint by way of describing the class and the circumstances of defendants' alleged liability. Such information does not meet the requirements enunciated in *City of San Jose* v. *Superior Court, supra,* at page 457, of "sufficient information to identify and make ascertainable the class itself." Substantial compliance with Government Code section 910 providing that the claim contain: "(c) the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;" and "(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of

presentation of the claim;" requires that the circumstances of the occurrence and a description of the liability establish a well-defined community of interest in questions of law and fact which is a necessary ingredient in defining the class, (*City of San Jose* v. *Superior Court, supra; Daar* v. *Yellow Cab Co.,* 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732]; *Vasquez* v. *Superior Court,* 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964]) and a fortiori a necessary ingredient of a valid class claim. Here the theories of liability as alleged in the complaint are so diverse and individualized that they fail to portray that community of interest.

This diversity is yet another reason for upholding the trial court's decision regardless of any compliance with the claim filing requirement. As the trial court correctly indicated as one ground for its decision, "Indeed, the number, variety and the diversity of the individual plaintiffs' respective claims, the number, variety and diversity of the legal theories under which such claims are asserted, and the number, variety and diversity of the individual defendants against some or all or none of whom such claims are made demonstrate a contrariety of issues of both law and fact not countenanced by C.C.P. Section 382, . . . as the requisites for maintaining a class action."

The pleadings of the representative plaintiffs demonstrate that even as among themselves they are not "similarly situated." Hence, the unnamed plaintiffs, who are characterized as "persons similarly situated" to the representative plaintiffs, could not by virtue of that magic phrase be transformed into a well-defined and ascertainable class. The only common feature appearing in the various allegations is the flooding of a river.

If anything, the plaintiffs, named and unnamed, possess in common only a diversity of interest in fact and law. No discernable class can be manufactured from this mixed bag of litigants. (*Petherbridge* v. *Altadena Fed. Sav. & Loan Assn., supra; Devidian* v. *Automotive Service Dealers Assn.,* 35 Cal.App.3d 978 [111 Cal.Rptr. 228].)

The judgment of dismissal of unnamed plaintiffs is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 8, 1975. Wright, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.