[Civ. No. 41284. First Dist., Div. One. Dec. 19, 1978.]

ROBERT BARTLETT et al., Plaintiffs and Appellants, v.
HAWAIIAN VILLAGE, INC., et al., Defendants and Respondents.

**COUNSEL**

Richard Gayer for Plaintiffs and Appellants.

Dennis John Woodruff for Defendants and Respondents.

**OPINION**

**RACANELLI, P. J.**—Appellants comprise a group of homosexual males who instituted civil litigation on their own behalf and all others similarly situated against respondent and its agents, dba The Club Baths of San

Francisco, a public bath house patronized largely by homosexual men. The complaint seeks damages for claimed violations of the Unruh Civil Rights Act (Civ. Code, §§ 51 and 52) (hereafter Act) and injunctive relief. The class action was brought in behalf of nine subclasses of patrons who either have been or will be denied admission to The Club Baths premises solely by reason of their personal characteristics, or other arbitrary action.[1] Following an order sustaining a general demurrer without further leave to amend for failure to sufficiently plead an ascertainable class or community of interest,[2] a judgment of dismissal was entered as to the class allegations only.[3] ■ ■■■■■ This appeal resulted.[4]

The appeal is limited to the question whether the class allegations may be challenged by demurrer and, if so, whether they were properly challenged.

I

Relying on the language found in *Petherbridge* v. *Altadena Fed. Sav. & Loan Assn.* (1974) 37 Cal.App.3d 193 [112 Cal.Rptr. 144] (commenting upon the *Vasquez* court's approval of an evidentiary hearing after the issues were joined in determining the procedural propriety of a purported class action (see *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 820-821 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513])), appellants contend it was error to determine the propriety of the class action during the pleading stage, thus denying them the chance to develop facts at the suggested later evidentiary hearing. The contention is unsound.

■ Before a hearing may be held to offer proof of the propriety of a class action, the threshold requirement that the complaint contain

---

[1]The nine subclasses are identified as those who have been or will be excluded because of their (1) effeminacy, (2) association with effeminate men, (3) race, (4) overage, (5) physical handicap, (6) prior permanent exclusion, (7) failure to produce adequate identification, (8) other arbitrary reasons, and (9) obesity.

[2]The pleading deficit related to community of interest applied to all nine subclasses; the failure to allege an ascertainable class was confined to subclasses (1), (2), (6) and (8) above stated.

[3]The order and judgment do not affect the individual claims of the named plaintiffs. Accordingly, no issue is presented whether the complaint states a sufficient cause of action for unlawful discrimination on behalf of the individual plaintiffs. (Cf. *Stoumen* v. *Reilly* (1951) 37 Cal.2d 713 [234 P.2d 969] [recognizing actionable right of homosexuals to patronize a public bar and restaurant].)

[4]The notice of appeal reflects that plaintiffs are appealing both from the order sustaining the demurrer without leave to amend and the judgment of dismissal. Since an order sustaining a demurrer is nonappealable, the appeal therefrom must be dismissed. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 68, p. 4082.)

sufficient allegations of class interest must first be met, absent which the pleading is vulnerable to a general demurrer. (See *Vasquez* v. *Superior Court, supra,* 4 Cal.3d 800, 815, 820; *Eaton* v. *Ventura Port. Dist.* (1975) 45 Cal.App.3d 862 [119 Cal.Rptr. 746]; *Devidian* v. *Automotive Dealers Assn.* (1973) 35 Cal.App.3d 978 [111 Cal.Rptr. 228]; *Diamond* v. *General Motors Corp.* (1971) 20 Cal.App.3d 374 [97 Cal.Rptr. 639, 47 A.L.R.3d 759]; see also, *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688 [108 Cal.Rptr. 392] [order striking class allegations from the complaint affirmed].)

█ It is settled that a class action may be maintained only where (1) there is an ascertainable class and (2) a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. (Code Civ. Proc., § 382; *Vasquez* v. *Superior Court, supra,* 4 Cal.3d 800, 809; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 181, p. 1853.) The existence of an ascertainable class depends in turn upon a demonstrated community of interest among the purported class members in common questions of law and fact. (*Daar* v. *Yellow Cab Co., supra,* at p. 706.) Thus, the crucial inquiry centers upon whether the plaintiffs are truly representative of the absent, unnamed class members. █ For reasons which we explain, we conclude the essential allegations of community of interest are patently insufficient.

The multiple-count complaint, filed under the provisions of the Act prohibiting discrimination by public establishments on the basis of "sex, color, race, religion, ancestry, or national origin" (Civ. Code, § 51), alleges arbitrary exclusion from the public facilities operated by respondents by reason of various personal characteristics; each plaintiff seeks recovery of punitive and actual damages, including the statutory minimum, in addition to injunctive relief and attorney fees.[5] Under the actions pleaded, each plaintiff will be required to litigate a number of distinct factual issues unique to his own claim of actionable ejection or exclusion.[6] In *Weaver* v. *Pasadena Tournament of Roses* (1948) 32 Cal.2d

---

[5]The remedies available to an aggrieved person under the Act include "actual damages, and such amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than two hundred fifty dollars ($250), and such attorney's fees as may be determined by the court in addition thereto, . . ." (Civ. Code, § 52, subd. (a)), as well as injunctive relief (see *Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 470 [20 Cal.Rptr. 609, 370 P.2d 313].)

[6]For example, each plaintiff must independently establish that he presented himself to The Club Baths and demanded admittance, that he tendered the admission fee, that he was ejected or refused admission, that he possessed one or more of the enumerated

833 [198 P.2d 514] (denial of admission to the annual Rose Bowl game), similar considerations persuaded the court to deny class action recognition. In upholding the trial court's determination that no ascertainable class was demonstrated, the state Supreme Court emphasized the different factors militating against a representative suit in the following illuminating language (at pp. 838-840):

"The causes of action of the several plaintiffs and the other unnamed aggrieved individuals are separate and distinct. The question, as to each individual plaintiff, is whether *he* 'as a person over the age of twenty-one years' presented himself and demanded admittance to the game, whether *he* tendered the price of the ticket, and whether, as to *him,* the refusal of admission was wrongful . . . entitling him 'to recover . . . his *actual damages,* and one hundred dollars in addition thereto.' . . . Thus, a decision favorable or adverse to these plaintiffs—or any one of them—could not determine the rights of any of the unnamed parties whom plaintiffs purport to represent. . . . [¶] . . . In the present case there is no ascertainable class, . . . Rather, there is only a large number of individuals, each of whom may or may not have, or care to assert, a claim against the operators of the 1947 Rose Bowl Game for the alleged wrongful refusal of admission thereto. Each of such claimants must establish separately that he was refused admission, and that such refusal was wrongful . . . . Moreover, each claimant would have the independent right, . . . [under former Civ. Code, § 54] to litigate the question of his recovery of 'actual damages' in addition to the $100 penalty imposed by the statute. *While each would be 'similarly situated'* in that his cause of action arises under the same statute, *his recovery would rest on a distinct premise correlative with varying proof as to the facts of his particular case.* [Italics added.] In such circumstances there is not the necessary 'common or general interest' in the subject-matter of the litigation appropriate to the maintenance of a representative action as that type of proceeding has been analyzed in the adjudicated cases." The rule announced in *Weaver* continues to remain viable in this state because "the community of interest requirement is not satisfied if every member of the alleged class would be required to litigate numerous and substantial questions determining his individual right to recover following the 'class judgment' determining issues common to the purported class." (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 459 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

---

characteristics, and that his ejection or exclusion was otherwise without good cause. Moreover, each must litigate his own actual damages beyond the statutory minimum.

The only issue common to the named plaintiffs and unnamed class members is essentially one of law: whether the respondents are liable under the Act for wrongful exclusion of any person possessing the alleged personal characteristics. That circumstance alone does not fulfill the required element of "community of interest" (see *Bozaich* v. *State of California, supra,* 32 Cal.App.3d 688, 694-695), since—as noted—each claimant must still litigate a number of substantial fact questions peculiar to his right of recovery. (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447, 460; see *Collins* v. *Rocha* (1972) 7 Cal.3d 232, 238 [102 Cal.Rptr. 1, 497 P.2d 225]; see also *Altman* v. *Manhattan Savings Bank* (1978) 83 Cal.App.3d 761, 768-769 [148 Cal.Rptr. 100]; *Knox* v. *Streatfield* (1978) 79 Cal.App.3d 565, 570-571 [145 Cal.Rptr. 39].) Since it is not reasonably possible to establish the necessary community of interest among the class members (*Vasquez* v. *Superior Court, supra,* 4 Cal.3d 800, 813), dismissal of the purported class actions alleged in the amended complaint was proper.

The appeal from the order sustaining the demurrer is dismissed; the judgment is affirmed.

Elkington, J., and Newsom, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 14, 1979. Bird, C. J., and Newman, J., were of the opinion that the petition should be granted.