MEMORANDUM *
Plaintiffs Lewis Long (“Long”) and Therry Simien (“Simien,” and collectively, “Plaintiffs”) appeal the district court’s rul *586 ings in favor of Appellee Hewlett-Packard (“HP”). The district court dismissed with prejudice Plaintiffs’ various state law class action claims for breach of express warranty and fraudulent concealment in violation of the California Unfair Competition Law (“UCL”) and California Consumers Legal Remedies Act (“CLRA”). We affirm the dismissal of Plaintiffs’ claims.
Under California law, time limits in express warranties are effective at limiting the coverage of the warranty to defects that manifest themselves during the specified time period. Daugherty v. Am. Honda Motor Co., 144 Cal.App.4th 824, 51 Cal.Rptr .3d 118, 122-24 (2006). Although there may be an exception to this general rule for products that are truly “substantially likely to fail” during their useful lives, Hicks v. Kaufman and Broad Home Corp., 89 Cal.App.4th 908, 107 Cal.Rptr.2d 761, 773 (2001), Plaintiffs do not allege facts that all HP Pavilion inverters of the models covered by this class were substantially likely to fail. Instead, they allege that, in general, HP laptops failed at higher rates than HP expected or than HP considered acceptable, and that, specifically, their own laptops, which did in fact fail, were “substantially likely to fail.” Therefore, Plaintiffs have failed to state a claim for breach of express warranty.
Plaintiffs failed to state a claim for breach of express warranty by description as well. When HP described the Pavilions as “laptops” or as “portable,” it may have been warranting that the computers sold to Plaintiffs were indeed portable when sold and as designed, and could indeed be described as laptops, which they were. It was not warranting that the computers would function as designed for any period of time beyond that specified in HP’s Limited Warranty. The cases to which Plaintiffs cite involve products that were never as described and are therefore inapposite. See, e.g., Keith v. Buchanan, 173 Cal. App.3d 13, 220 Cal.Rptr. 392, 398 (1985) (involving a vessel marketed as “seaworthy” but upon delivery turned out not to be); Metowski v. Traid Corp., 28 Cal. App.3d 332, 104 Cal.Rptr. 599, 600-01 (1972) (involving cameras that were described as being “electronic color” cameras but were not); Lane v. C.A. Swanson & Sons, 130 Cal.App.2d 210, 278 P.2d 723, 726 (1955) (involving chicken that was supposed to be boneless but was sold with bones).
Plaintiffs also failed to state a claim under either the UCL or the CLRA. HP owed Plaintiffs no independent duty to disclose information about the elevated failure rate of the laptops, absent a special relationship or affirmative misrepresentations. Butter v. Sutter Health, 160 Cal. App.4th 981, 74 Cal.Rptr.3d 47, 51-52 (2008); Daugherty, 51 Cal.Rptr.3d at 126, 129; Bardin v. Daimler Chrysler Corp., 136 Cal.App.4th 1255, 39 Cal.Rptr.3d 634, 647-49 (2006). Plaintiffs have alleged no special relationship here. HP’s affirmative representations that the Pavilions were “laptops” or that they were “portable” only imposed on HP a duty to disclose facts that were contrary to the representations that were actually made. Daugherty, 51 Cal.Rptr.3d at 126. The computers were in fact portable laptops, and the fact that the Pavilions may have failed at a slightly higher rate than HP considered acceptable is not contrary to that representation.
Finally, Plaintiffs do not allege facts that show an unfair course of conduct nor that HP acted unlawfully under the UCL.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *586 by 9th Cir. R. 36-3.