[L. A. No. 18079.   In Bank.   Apr. 21, 1942.]

JOHN EGGERT, Plaintiff and Respondent, v. PACIFIC STATES SAVINGS AND LOAN COMPANY et al., Defendants; RALPH W. EVANS, as Building and Loan Commissioner, etc., et al., Interveners and Respondents; JESSIE C. KELLEY et al., Appellants; HUGO H. HARRIS et al., Attorneys and Respondents.

Otto A. Ehlers and John C. Campbell for Appellants.

Hugo H. Harris, David E. Field and Richard W. Katerndahl in pro. per., Vincent Morgan, Hill, Morgan & Bledsoe, Guy Richards Crump, Wood, Crump & Rogers, Christian H. Hartke and H. W. Hoag for Respondents.

TRAYNOR, J.—On October 28, 1938, John Eggert, as a holder of a Fidelity Definite Term Certificate commenced this action against the Pacific States Savings and Loan Company and the State Guaranty Corporation, on behalf of himself and some 1,500 other certificate holders. The complaint in-

cluded a prayer that plaintiff's attorneys of record be allowed attorneys' fees for filing and prosecuting the action. The court held the suit a proper class action, and in its judgment for Eggert and the other certificate holders whom he represented decreed that they recover from the defendant Pacific States Savings and Loan Company the sum of $1,851,740.95 to be apportioned pro rata among them after deduction of expenses and fees. The court expressly reserved jurisdiction to determine the fees to be paid plaintiff's attorneys. The complaint and the judgment incorporated by reference an exhibit containing the names of the holders of the outstanding certificates and the number and face value of the certificates held by them. The names of Jessie C. Kelley and Dorothy C. Given appeared in the exhibit. The court appointed a receiver to facilitate the collection and payment of the judgment. The court also made an order, directed to plaintiff and all other persons interested, to show cause why it should not make an order fixing reasonable attorneys' fees. Notice of the order was published daily until the return date. The court fixed the fees of plaintiff's attorneys at 15 per cent of the total recovery, excluding the share of the Building and Loan Commissioner. Subsequently Eggert petitioned for an order directing the receiver to obtain and turn over the balance of the money due to him and the other certificate holders after deducting the 15 per cent allowed the attorneys. At the hearing on this petition John C. Campbell, representing Jessie C. Kelley and Dorothy C. Given, Definite Term Certificate Holders, appeared and objected to the granting of the petition insofar as it concerned the payment to the attorneys. The court made an order granting the petition, however, and Jessie C. Kelley and Dorothy C. Given filed a notice of appeal for themselves and all other holders of Fidelity Definite Term Certificates not otherwise represented by counsel from the order fixing the amount of the attorneys' fees and from the order directing the receiver to pay to plaintiff's attorneys 15 per cent of the amount recovered by the holders of the Fidelity Definite Term Certificates. They also petitioned this court for a writ of supersedeas to stay the execution of these orders until the determination of their appeal. Plaintiff Eggert and his attorneys have moved that the appeal be dismissed as to all certificate holders other than Jessie C. Kelley and Dorothy C. Given.

The motion to dismiss the appeal is properly made, for

it is a settled rule of practice in this state that only a party to the record can appeal. (*Elliott* v. *Superior Court,* 144 Cal. 501 [77 Pac. 1109, 103 Am. St. Rep. 102]; *Braun* v. *Brown,* 13 Cal. (2d) 130 [87 P. (2d) 1009]; *Estate of McDermott,* 127 Cal. 450 [59 Pac. 783]; *Estate of Crooks,* 125 Cal. 459 [58 Pac. 89]; *Altpeter* v. *Postal Telegraph-Cable Co.,* 22 Cal. App. 63, 66 [133 Pac. 329].) Appellants were not named as parties to the action nor did they take any appropriate steps to become parties to the record. The fact that their names and the extent of their interest in the action appeared in an exhibit attached to the complaint and the judgment did not make them parties to the record. (See *Estate of McDougald,* 143 Cal. 476 [77 Pac. 443]; *Estate of Kent,* 6 Cal. (2d) 154 [57 P. (2d) 901].) Although their attorney appeared at the hearing on the petition for the payment of the money to plaintiff's attorneys and objected to such payment, he did not ask that appellants be made parties, nor did the court order them brought into the action. (See Pomeroy, Code Remedies, (5th ed.) 445, sec. 293.) Appellants had ample opportunity even after the court had made its orders to become parties of record by moving to vacate the orders to which they objected. They could then have appealed from the order denying the motion. (*Elliott* v. *Superior Court, supra.*)

Since appellants have no standing to appeal, it is unnecessary to consider their right to appeal in a representative capacity on behalf of other certificate holders. The motion to dismiss the appeal was made only as to certificate holders other than Jessie C. Kelley and Dorothy C. Given, but this court may dismiss an improper appeal on its own motion. (See cases cited in 2 Cal. Jur. 765; 4 C. J. S. 1981.) The appeal is therefore dismissed as to all appellants.

As appellants have no right to appeal, the application for a writ of supersedeas to stay the execution of the orders for the payment of attorneys' fees to respondents pending the appeal is denied.

Gibson, C. J., Shenk, J., Edmonds, J., and Carter, J., concurred.