[Civ. No. 24796.   First Dist., Div. Two.   Apr. 12, 1968.]

Estate of CHARLES P. PARTRIDGE, Deceased. CROCKER-CITIZENS NATIONAL BANK as Executor, etc., Petitioner and Respondent, v. CENTRAL VALLEY NATIONAL BANK, Objector and Appellant.

Older, Hahn, Cazier & Hoegh, Charles H. Older, Ralph Cassady and Michael Berger for Objector and Appellant.

Erskine & Tulley, Hagar, Crosby & Rosson, Allen M. Singer and Edwin A. Heafey, Jr., for Petitioner and Respondent.

AGEE, J.—Central Valley National Bank, claiming to be a creditor of the subject estate, appeals from an order allowing the payment of attorney's fees from the funds of said estate. (Prob. Code. § 1240.)

Charles P. Partridge died on January 5, 1966, leaving a witnessed will dated May 19, 1965 and codicils thereto dated May 28 and October 21, 1965. The appraised value of his estate, subject to administration, exceeds $591,000.

On January 11, 1966 the executors nominated by decedent, Frances W. Partridge, his widow, and Crocker-Citizens National Bank (hereafter "Crocker"), filed a petition for the admittance to probate of said will and codicils.

On February 1, 1966 C. Robert Partridge and Calvin S. Partridge, sons of decedent, filed a contest to the probate of said will and codicils.

On February 3, 1966 a petition was filed for the admittance to probate of decedent's will dated February 28, 1962. The widow filed a contest to this will on February 15, 1966.

On April 14, 1966 the widow filed a petition requesting that, in the event the will dated May 19, 1965 be denied probate, a prior will of decedent, dated April 19, 1965, and a codicil thereto, dated May 4, 1965, be admitted to probate; further, that in the event both of these wills were denied probate, a will of decedent dated March 18, 1965 be admitted to probate.

Contests to the probate of these wills were filed by the two sons above named and Reynolds Partridge, decedent's third son. All contests were thereafter consolidated for trial.

.Prior to September 27, 1966 the parties to the respective contests settled their differences and the will of May 19, 1965 and the codicils thereto were admitted to probate on October 3, 1966.

In the meantime, on August 3, 1966, appellant had filed a creditor's claim based upon alleged fraud by decedent in connection with certain business transactions. The claim requests actual damages of $300,000 and punitive damages of $900,000. It was rejected by the executor. Appellant's action on said claim against the estate is presently pending in the superior court.

On September 27, 1966, a Petition for Allowance of Fees for Extraordinary Services of Attorneys was filed and was regularly noticed for hearing on October 7, 1966. The fees requested were for legal services performed in connection with the will contests described above.

On said October 7, the court made its order allowing the law firm of Hagar, Crosby & Rosson the sum of $22,000 and the law firm of Erskine & Tulley the sum of $8,000 for said extraordinary services. The order directed Crocker, as executor, to pay said amounts from the funds of the estate. The reasonableness of these fees is not questioned.

On February 6, 1967, as "a creditor in the above-entitled estate," appellant appealed from said order, contending that such attorney's fees should not be charged against the estate because the estate, as distinguished from the beneficiaries, was not benefited by such services.

The respective briefs of the parties on the merits of the controversy are on file. In addition, respondent Crocker has filed a motion to dismiss the appeal. Our ruling on this motion makes any further discussion unnecessary.

### Motion to Dismiss Appeal

■ This motion is based upon the ground that appellant is not a party to the proceedings in which the order appealed from was made, did not appear or participate in said proceedings, and did nothing to become a party thereto after the order was made.

Code of Civil Procedure section 938, made applicable to probate matters by Probate Code section 1233, provides that "Any *party* aggrieved may appeal. . . ." (Italics added.)

■ The proper procedure for an alleged creditor of an estate who feels aggrieved by an order of the probate court, and did not participate in the proceedings in which the order was made, is to move to set aside or vacate such order and

then, if the motion is denied, appeal from the order of denial.

The rule is stated as follows: "Even though a person's rights or interests are injuriously affected by a judgment or an appealable order, he cannot appeal therefrom unless he is a party to the proceedings. To this end he may make himself a party to the record by moving to set aside the judgment or order, and may then obtain a review thereof on appeal from an order denying his motion. Such a procedure can scarcely be said to make him a party to the action, but it does make him a party to the record, and, as such, entitled to appeal." (3 Cal.Jur.2d, Appeal and Error, § 107, p. 560.)

In *Elliott* v. *Superior Court,* 144 Cal. 501 [77 P. 1109, 103 Am.St.Rep. 102], creditors of a corporation in receivership petitioned in certiorari for a review of orders of the superior court allowing attorney's fees and directing that the same be paid by the receiver out of funds of the corporation in his hands.

The creditors had no notice of the proceedings before the lower court in which the orders were made and did not appear or participate therein.

The Supreme Court denied the petition, saying: "[I]t has been settled as a rule of practice by a long series of decisions that only a *party to the record* can appeal, and other rules of practice equally well settled have remedied any inconvenience that might have resulted from this construction of section 938, so that there is no reason now to depart from it, if there ever was. These petitioners do not appear . . . ever to have been parties to the record, either of the action or the proceedings resulting in the orders of which they seek a review." (P. 507.)

"It is clear, we think, that the petitioners are not parties to the record, and that they have no right to prosecute a direct appeal from these orders." (P. 508.)

The court then pointed out: "There is [a] . . . plain, speedy, and adequate remedy allowed by our practice to one whose rights or interests are injuriously affected by the judgment or by any appealable order of a court given or made in an action or proceeding to which he is not a party. He may make himself a party by moving to set aside such judgment or order, and if his motion is denied may, on appeal from that order, have the proceeding of which he complains reviewed not only for excess of jurisdiction but for error." (P. 509.) ·

. The court therefore dismissed the petition "without prejudice to the right to proceed by motion and appeal." (P. 510.)

Elliott was cited with approval in *Eggert* v. *Pacific States Sav. & Loan Co.,* 20 Cal.2d 199 [124 P.2d 815]. This was a class action brought by plaintiff on behalf of himself and some 1,500 other certificate holders. He obtained a judgment of over $1,800,000 against the defendant savings and loan company.

The court made an order fixing the amount of attorney's fees to be paid to plaintiff's attorneys from the funds in the hands of the receiver for the defendant company. Two of the certificate holders appealed from the order.

Chief Justice Traynor, for the court, held: "The motion to dismiss the appeal is properly made, for it is a settled rule of practice in this state that only a party to the record can appeal. [Citations.] Appellants were not named as parties to the action nor did they take any appropriate steps to become parties to the record. The fact that their names and the extent of their interest in the action appeared in an exhibit attached to the complaint and the judgment did not make them parties to the record. [Citations.] . . . Appellants had ample opportunity even after the court had made its orders to become parties of record by moving to vacate the orders to which they objected. They could then have appealed from the order denying the motion.''

In considering whether a creditor is a "party aggrieved" within the meaning of Code of Civil Procedure section 938, there is no logical distinction between a creditor of a business in receivership and a creditor of an estate in the process of administration. Both involve superior court proceedings in which a creditor is not a party to the *action* but can become a party to the *record* by taking the appropriate procedural steps.

In both instances the creditor is interested in any order for attorney's fees which are to be paid out of funds to which the creditor looks for payment of his claim. He has a right to appear in the proceedings in the lower court and make objections to the order being sought. Or he may wait until the order is made and then follow the simple "rule of practice" specified in *Elliott, Eggert,* et al.

Appellant mistakenly relies upon *Estate of Fretwell,* 152 Cal. 573 [93 P. 283]. In this case it was held proper to allow a creditor of an insolvent estate to appeal from an order making a family allowance to the surviving wife.

The opinion states: "It appears from the record that appellant *claimed in the court below* that the estate is insolvent, . . .'' (Italics added.) It is thus clear that the creditor followed the "rule of practice" prescribed in the *Elliott* and *Eggert* cases, *supra,* by appearing in the court below and thus

becoming a party to the record, entitled to appeal from the order in question under section 938.

In contradistinction to a creditor, a beneficiary in an estate is generally held to be a "party aggrieved" within the meaning of section 938, without the necessity of first taking the steps necessary to make himself a party to the record.

Some of the decisions so holding are listed in *Estate of Meyer* (1966) 241 Cal.App.2d 747 [51 Cal.Rptr. 72], where three beneficiaries under a testamentary trust were held to have the right to appeal from an order settling the first and final account of the executors, even though they did not appear or object in the probate court. The court said, at page 750:

"There is also authority permitting a person interested in the *devolution* of an estate to appeal from a decree *which adversely affects his share,* even though he did not appear and object in the probate court. [Italics ours.]

"In *Estate of Benner,* 155 Cal. 153, 154 [99 P. 715], a beneficiary named in a will who did not appear to oppose the petition for distribution was held to be entitled to appeal from the decree which had determined that her bequest had been revoked.

"In *Estate of Sloan,* 222 Cal.App.2d 283, 291 [35 Cal.Rptr. 167], the remaindermen of a testamentary trust, who had not participated in the hearing on an annual account, were held entitled to appeal from the decree settling the account.

"In *Estate of Moran,* 122 Cal.App.2d 167 [264 P.2d 598], heirs who had not appeared in the probate court were allowed to appeal from the decree of distribution and, for the first time, on appeal, object to bequests to charity which were excessive under Probate Code section 41."

*Estate of Sloan, supra,* involved an order construing a testamentary trust in a manner which was adverse to the interests of the appellant remaindermen.

In speaking of this decision (which was by this court, per Justice Taylor) the court in *Butterfield* v. *Tietz,* 247 Cal.App. 2d 483, 485 [55 Cal.Rptr. 577], said: "In *Estate of Sloan, supra,* 222 Cal.App.2d 283, 292, the court ruled that if an appellant would be bound by a ruling of the trial court because of the doctrine of res judicata, irrespective of the fact it was not a party of record in the original proceeding, then it is a party sufficiently aggrieved to warrant the right of direct appeal."

There are sound reasons for distinguishing between the

right of appeal of an alleged creditor of an estate and a beneficiary of such estate.

Probate proceedings are in rem and beneficiaries are in effect parties to the action, even if not parties to the record. Their vested interest is immediate and direct. It is not remote or contingent, as in the case of a creditor whose claim has been rejected. Moreover, beneficiaries in probate proceedings are generally represented, in effect if not in actuality, by an executor, administrator, or testamentary trustee. Their interest is almost always the specific subject matter of the order from which they seek to appeal. They are in no real sense *strangers* to the action.

On the other hand, a creditor is not a party to the action or proceeding. He has no direct or immediate interest or share in the estate. The "rule of practice" referred to by the Supreme Court in both *Elliott* and *Eggert, supra,* is a simple method by which he can become a party to the record and thus obtain the right of appeal.

The rule is a reasonable one. If, for example, all creditors and possible creditors were to have the right to appeal from a probate order without appearing or participating in the probate court proceeding in which the order is made, practical expeditious administration of estates would not be possible. A probate order, which usually is granted without opposition, could not be safely acted upon in most cases until almost six months after it is entered, since under rule 2, California Rules of Court, any creditor or alleged creditor might appeal from it within 180 days.

We see no reason in this case to make any exception to the well settled rule that a creditor or possible creditor of an estate who has not appeared or participated in a proceeding which results in a probate court order has no right to appeal from that order.

The appeal is dismissed.

Shoemaker, P. J., and Taylor, J., concurred.