108 Cal.Rptr.2d 722 (2001)
90 Cal.App.4th 121
Ruth SHERMAN et al., Plaintiffs and Respondents,
v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent;
Michael Reese et al., Objectors and Appellants.
No. B134398.
Court of Appeal, Second District, Division Seven.
June 25, 2001.
As Modified July 10, 2001.
Review Granted September 12, 2001.
Law Offices of Brifman & Bailey, Mark Brifman, Mission Hills, and Mark C. Bailey, Irvine, for Objectors and Appellants.
*723 Arnold & Porter, John J. Quinn, Lawrence A. Cox, and Kurt Fritz, Los Angeles, for Defendant and Respondent.
Shernoff, Bidart & Darras, William M. Shernoff, and Evangeline Fisher Garris; Engstrom, Lipscomb & Lack, Los Angeles, and Walter J. Lack; Law Office of Howard Snyder and Howard A. Snyder, Encino; Girardi & Keese and Thomas V. Girardi; Gruber & Kantor and Daniel S. Gruber, for Plaintiffs and Respondents.
LILLIE, P.J.
Appellants[1] were insureds of defendant and respondent Allstate Insurance Company at the time of the 1994 Northridge earthquake, and appeal from the judgment approving the settlement reached in a class action involving earthquake insurance claims arising out of the 1994 earthquake. Although appellants are not the named class representatives, and with the exception of the Reeses opted out of the certified class, they appeal the judgment on the grounds the class was not properly certified and the settlement was not "fair, adequate and reasonable" as required by California law. Respondents contend the appellants have no standing to appeal and have moved to dismiss the appeal on the grounds appellants are not the named class plaintiffs, nor have they moved to intervene in the action. On the merits, respondents contend the class was properly certified and the trial court properly found the settlement to be just, fair and reasonable.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On March 16, 1998, Randy Frank (Frank), Mukul Agarwal (Agarwal) and Robert Kirk (Kirk) instituted this action as a class action on behalf of themselves and purporting to represent persons whose earthquake damage claims were wrongfully denied or unpaid by Allstate. The complaint alleged that Allstate's wrongful conduct fell into two categories: (1) Allstate hired engineers or geotechnical firms to inspect and prepare draft estimates of repairs on damaged homes; such firms were instructed by Allstate "to minimize the damages which may be attributable to covered losses"; some of the firms were allegedly unlicensed and this fact was known to Allstate. (2) Allstate misapplied the one-year statute of limitations to claims by closing the file on claims even though negotiations with the insured were ongoing, failing to inform insureds of the one-year limitation, and failing to inform insureds they could reopen their claim for a limited time period if they discovered further damage.
Class counsel was appointed in November 1998, and filed a first amended complaint in which Ruth Sherman, Harold Oemke, and James DeTomaso were the designated class plaintiffs instead of *724 Frank, Agarwal and Kirk. The first amended complaint added a class of wrongful conduct based on Allstate's retention of Shadowbrook Design Group, Inc., or Western States Geotechnical, Inc., to prepare false damage reports. The amended complaint denominated the claims as Type 1 (Shadowbrook/Western States), Type 2 (the original geotechnical/ engineering class), and Type 3 (statute of limitations).
Class counsel filed a motion for approval of preliminary class action settlement, approval of a conditional settlement class, approval of a notice to class members, and scheduling a hearing for final approval of the settlement. The motion represented that Allstate had engaged in numerous arm's length negotiations with representatives of the class, and the settlement represented the result of those negotiations. The terms of the settlement provided that Allstate would allocate $60 million for a settlement fund to pay in full all amounts determined to be owed to settlement class members. Claimants were to be mailed a notice outlining the terms of the settlement and would be requested to return a form questionnaire.
Class counsel and Allstate agreed to the certification of a settlement class for purposes of settlement only. The "classes" were defined in a separate stipulation filed simultaneously with Allstate's motion, and consisted of those persons with Type 1, 2, and 3 claims as set forth in the first amended complaint.
At a hearing held December 3, 1998, the court found the settlement was the product of serious, informed and non-collusive negotiations, had no obvious deficiencies, and did not improperly grant preferential treatment to class representatives or segments of the class, and would likely obtain final approval. The court found proposed notice to class members was adequate. Notice was mailed to 11,000 potential class members; 190 insureds made requests to opt out of the settlement class.
Neither Frank, Agarwal, Kirk,[2] the Reeses, nor the other appellants intervened in the action. All of the appellants, except for the Reeses, opted out of the settlement prior to the judgment.
Appellants filed objections to the proposed settlement, arguing that class certification was inappropriate, the named plaintiffs did not adequately represent the class, common issues of fact and law did not predominate, and the proposed settlement was collusive and was not fair and reasonable because Allstate was not required to pay punitive damages.
On June 11, 1999, the court entered its findings of fact and order in which it approved the settlement based on, inter alia, its conclusion the settlement was fair and reasonable to the class members because it provided for up to 100 percent of policy benefits and the procedure outlined was fair and expeditious. The court also found the lack of punitive damages did not make the settlement unfair. None of the named class plaintiffs appealed the judgment.

DISCUSSION

THE APPEAL IS DISMISSED BECAUSE UNNAMED CLASS MEMBERS HAVE NO STANDING TO APPEAL
Respondents moved to dismiss the appeal on the grounds that (1) none of the appellants is aggrieved by the judgment because they either opted out of the settlement class or do not meet the class definition, or (2) they are not parties of *725 record.[3] (Code Civ. Proc., § 902; Garrison v. Board of Directors (1995) 36 Cal. App.4th 1670, 1676, 43 Cal.Rptr.2d 214; see also Walker v. City of Mesquite (5th Cir.1988) 858 F.2d 1071, 1074.) Appellants contend the Reeses, who did not opt out, made appearances at the settlement hearing and objected to the settlement, thus conferring standing on them. (Rebney v. Wells Fargo Bank (1990) 220 Cal.App.3d 1117, 1131, 269 Cal.Rptr. 844.) They contend the other parties, who did not appear at all in the action, have standing even though they opted out.[4] (Trotsky v. Los Angeles Fed. Sav. & Loan Assn. (1975) 48 Cal.App.3d 134, 139, 121 Cal.Rptr. 637; Torrisi v. Tucson Electric Power Company (9th Cir.1993) 8 F.3d 1370.)
A class action is one which is prosecuted by named representative plaintiffs, who have a fiduciary responsibility to prosecute the action on behalf of the absent parties. (Earley v. Superior Court (2000) 79 Cal.App.4th 1420, 1434, 95 Cal. Rptr.2d 57.) A class action is appropriate "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." (Code Civ. Proc., § 382.) There must be a factual nexus or a common thread between the class members such that proceeding by way of a class action is advantageous to both the judicial process and the litigants. (Eaton v. Ventura Port Dist. (1975) 45 Cal.App.3d 862, 866, 119 Cal.Rptr. 746.)
The class action structure relieves the unnamed class members of the burden of participating in the action, hiring counsel, and incurring costs. (Earley v. Superior Court, supra, 79 Cal.App.4th at p. 1434, 95 Cal.Rptr.2d 57.) Indeed, "[t]he structure of the class action does not allow absent class members to become active parties, since `to the extent the absent class members are compelled to participate in the trial of the lawsuit, the effectiveness of the class action device is destroyed.' [Citation]." (Ibid., fn.omitted.) The unnamed members may be "parties" for the limited purpose of discovery. (Southern California Edison Co. v. Superior Court (1972) 7 Cal.3d 832, 840, 103 Cal.Rptr. 709, 500 P.2d 621.) Thus, the conclusion follows that with respect to class actions, unnamed class members, although bound by the judgment in a class action, are not considered parties. (National Solar Equipment Owners' Assn. v. Grumman Corp. (1991) 235 Cal.App.3d 1273, 1281-1282,1 Cal.Rptr.2d 325.)
With respect to appellate standing, California Code of Civil Procedure section 902 provides that "[a]ny party aggrieved may appeal. ..." Section 902 has been interpreted to require both party status and that the party be aggrieved by the judgment. (Marsh v. Mountain Zephyr, Inc. (1996) 43 Cal.App.4th 289, 295, 50 Cal. Rptr.2d 493.) The standing requirement is jurisdictional. (Rebney v. Wells Fargo Bank, supra, 220 Cal.App.3d at p. 1132, 269 Cal.Rptr. 844.) Indeed, the California *726 Supreme Court has held that unnamed class members may not appeal the class action judgment. (Eggert v. Pac. States S. & L. Co. (1942) 20 Cal.2d 199, 200-201, 124 P.2d 815.)
Appellants, however, point to several cases conferring appellate standing in class actions based upon mere objector status, because such persons are "aggrieved" by the judgment. (Trotsky v. Los Angeles Fed. Sav. & Loan Assn., supra, 48 Cal. App.3d at p. 139, 121 Cal.Rptr. 637 [party objecting to proposed class settlement, even opt-out party, is party aggrieved by judgment who may appeal]; see also Rebney v. Wells Fargo Bank, supra, 220 Cal. App.3d at p. 1131, 269 Cal.Rptr. 844 ["there will be review if any aggrieved parties desire it; all they have to do is appear as objectors at the fairness hearing and then take an appeal"]; Torrisi v. Tucson Electric Power Company, supra, 8 F.3d at p. 1375, fn. 2.) Appellants also argue that appellate standing exists based upon their significant involvement in the matter which has made them privy to the record despite their failure to intervene. (Equal Employment Opportunity Commission v. Louisiana Office of Community Services (5th Cir.1995) 47 F.3d 1438, 1442.)
In Trotsky, the appellants were unnamed members of the affected class who appeared at the settlement hearing and objected to the proposed settlement. Trotsky found they were "aggrieved" within the meaning of Code of Civil Procedure section 902 because "`... [i]t is possible that, within a class, a group of small claimants might be unfavorably treated by the terms of a proposed settlement. For them, the option to join is in reality no option at all....' ... [Citation.]" (Trotsky v. Los Angeles Federal Savings & Loan, supra, 48 Cal.App.3d at p. 139, 121 Cal. Rptr. 637.) Because such claimants might be forced to choose between "equally unpalatable alternatives"accepting nothing or an unfair settlementTrotsky found, such parties should have the right to appeal. (Ibid.)
In Rebney, the court took a piecemeal approach to determining appellate standing of non-intervening parties, and found that such parties had standing to appeal some issues, but not others. Rebney found the objectors lacked standing to dispute the expansion of the class and the fairness of the settlement because they were not aggrieved by the defendant bank's practices. (Rebney v. Wells Fargo Bank, supra, 220 Cal.App.3d at pp. 1128-1132, 269 Cal.Rptr. 844.) However, this finding was inapplicable to the attorneys' fee issue because if the attorneys' fee agreement provided an incentive for the class attorneys not to litigate, all class members were harmed. (Id. at p. 1142, 269 Cal.Rptr. 844.)
Conversely, Eggert found that unnamed class members whose only appearance was to object to the attorneys' fees had no standing to appeal on the ground they were not parties and had "ample opportunity ... to become parties of record...." (Eggert v. Pac. States S. & L. Co., supra, 20 Cal.2d at p. 201, 124 P.2d 815.) Eggert thus did not separate the "aggrieved" requirement from the "party" requirement of Code of Civil Procedure section 902. Appellants distinguish Eggert on the grounds that in Eggert, the appealing class members had not even objected to the class certification or settlement. In the instant case, appellants contend they have been intimately involved in every aspect of the class proceedings. We find, however, that mere participation in the proceedings is insufficient to confer appellate standing.
Cases decided under the analogous federal class action provisions of Federal Rule *727 23 of Civil Procedure succinctly explain the rationale denying appellate standing to unnamed class members. The majority of federal courts hold that unnamed class members may not appeal a judgment. (Croyden Associates v. Alleco, Inc. (8th Cir.1992) 969 F.2d 675, 680.) As Croyden explained: First, unnamed class members cannot represent the class absent the procedures outlined in Rule 23 because the trial court has not conducted hearings to determine whether the appellants would satisfactorily represent the interests of the other class members. (Croyden Associates v. Alleco, Inc., supra, 969 F.2d at p. 678, citing Guthrie v. Evans (11th Cir. 1987) 815 F.2d 626, 627.) Second, Croyden observed that unnamed class members who disagree with the class action have other adequate procedures through which their interests can be protected. Croyden pointed out class members may move to intervene; if their motion to intervene is denied, they may appeal that decision. Croyden observed that merely objecting to the settlement did not confer standing to appeal; rather, the unnamed class member must still move to intervene. (Croyden Associates v. Alleco, Inc., supra, 969 F.2d at pp. 678-679; see also Research Corporation v. Asgrow Seed Company (7th Cir. 1970) 425 F.2d 1059, 1060, fn. 2.) The dissatisfied class member may also opt out. (Croyden Associates v. Alleco, Inc., supra, 969 F.2d at p. 678.) Finally, Croyden pointed out class actions would become unmanageable and unproductive if each class member could individually appeal. (Ibid.) Class actions are designed to "render manageable litigation involving numerous class members who otherwise would all have access to the court through individual lawsuits" (ibid.) and would defeat the purpose of instituting the litigation as a class action in the first place. (Ibid.)
Under California law, a person who is a non-party may acquire appellate standing by intervening, and moving to vacate the judgment. (Code Civ. Proc, § 378; Marsh v. Mountain Zephyr, Inc., supra, 43 Cal.App.4th at p. 295, 50 Cal. Rptr.2d 493.) They may then appeal the order denying the motion to vacate. (Eggert v. Pac. States S. & L. Co., supra, 20 Cal.2d at p. 201, 124 P.2d 815.) Under California law, where class members are given the option of opting out, they are not bound by the judgment in the class action but instead may pursue their own action. (Home Sav. & Loan Assn. v. Superior Court (1974) 42 Cal.App.3d 1006, 1010, 117 Cal.Rptr. 485.)
Based on these rationales, appellants' argument that their objection to the settlement confers standing on them must fail. Intervention in the instant action would have permitted them to object and preserve the objectives of the class action: orderliness, efficiency, and fairness to other class members. Similarly, we do not see how intervention would fail to address the "unpalatable alternatives" Trotsky feared. Intervention would have the effect of giving the objectors a sturdier platform from which to object, because as parties they could not be ignored by the court, the class plaintiffs, or the class defendant; furthermore, intervention would put the class defendant on notice of a possible appeal from the judgment. In addition, those who opt out of the class action are in no way "participating" in the proceedings and therefore should not be permitted to blindside the class defendant by appealing the settlement at the conclusion of the litigation. Lastly, we believe a bright-line rule requiring party status to appeal a class action is appropriate where the cost of intervention is minimal and benefits, as outlined above, are substantial.[5]

*728 DISPOSITION

The appeal is dismissed. Respondents to recover costs on appeal.
JOHNSON, J, and WOODS, J, concur.
NOTES
[1] Appellants are Michael and Bonnie Reese (the Reeses), Randy Frank, Joseph and Barbara Meade, Frank and Nancy Goguen, Mary Lawbaugh, the Estate of Frank Szabo, Fan Ren Kung, Chia Ying Wang Kung, Sol Levy, Irving and Thelma Bien, Dan Rifkin, Augustine Garibay, Ogilvie Larimore, Lawrence and Lorraine First, the Estate of Violet Smith, Maxine Welle, Paul and Jewell Markell, Paul and Cheryl Locher, Steve Lucero, Anthony and Ann Brattoli, Sandra Wintersmith, Donald and Florence Menck, Roy and Lorraine Rosenblatt, Anatoliy Pasternak, Juanita Christian, Dean and Dorothy Dennis, Steve and Lynette Mathis, Thomas and Julia Ennis, Michael Habicht, Arline Marfil, Sherri Morris, Cheryl and Heddy Mondheim, Gary and Barbara Sterkel, Garfield and Debra Ecung, Nancy Durrant, James and Pat House, Marilyn Taber, Loyal and Linda Smith, Neil and Gayle Damrow, George and Mary Lou Giakoumakis, William and Terry Noah, Brenda Kalosh, Darla Severn, John and Barbara Caudillo, Tommy and Carry Jenkins, Leonard and Beth Erlanger, Joseph LaGrasta, and George Chronopoulos (collectively appellants).
[2] Agarwal and Kirk are not parties to the instant appeal.
[3] Allstate has requested we take judicial notice of an order staying a related proceeding pending in the United States District Court for the Central District of California (Case No. CV 98-7699-NM) pending the outcome of the instant action. We take judicial notice of these documents. (Cal.Evid.Code, § 452, subd. (d)(2) [records of any court of the United States may be judicially noticed].)
[4] We also requested the parties to submit letter briefs addressing federal law on the question of whether parties who have not intervened in a class action may nonetheless appeal.
[5] Our conclusion is not changed by the fact appellant Frank was one of the original class plaintiffs. The complaint may be amended to add or delete a party, and the first amended complaint supersedes the original complaint. Frank was therefore no longer a party of record. (Code Civ. Proc, § 473 subd. (a)(1); Foreman & Clark Corp. v. Fallon (1971) 3 Cal.3d 875, 884, 92 Cal.Rptr. 162, 479 P.2d 362 [amendatory pleading supersedes original pleading; only the amendatory pleading is reviewed by appellate court].)