Filed 10/15/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PATRICK ECK et al.,<br><br>    Plaintiffs and<br>    Respondents,<br><br>    v.<br><br>CITY OF LOS ANGELES et al.,<br><br>    Defendants and<br>    Respondents;<br><br>CARMEN BALBER,<br><br>    Objector and Appellant. | B289717<br><br>(Los Angeles County<br>Super. Ct. No. BC577028) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ann I. Jones, Judge. Dismissed.

Consumer Watchdog, Jerry Flanagan, Benjamin Powell and Pamela Pressley for Objector and Appellant.

Ahdoot & Wolfson, Robert R. Ahdoot, Tina Wolfson, Theodore W. Maya; Zimmerman Reed, Christopher P. Ridout and Caleb L.H. Marker; Krause, Kalfayan, Benink & Slavens, Eric J. Benink, Vincent D. Slavens; Moskovitz Appellate Team, Myron Moskovitz and Christopher Hu for Plaintiffs and Respondents

Patrick Eck, Tyler Chapman, Brendan Eisan and Justin Kristopher Le-Roy.

   Michael N. Feuer, City Attorney, Benjamin Chapman, Assistant City Attorney, for Defendants and Respondents City of Los Angeles and the Los Angeles Department of Water and Power.

_____

   Patrick Eck, on behalf of himself and a proposed class of similarly situated Los Angeles County utility ratepayers, sued the City of Los Angeles and the Los Angeles Department of Water and Power (DWP) alleging DWP had overcharged ratepayers for electric utility usage.[1]  After the court certified the class for purpose of settlement and preliminarily approved a settlement agreement between the parties, subject to a fairness hearing, Carmen Balber, an unnamed class member, timely objected to the settlement and filed an ex parte application to intervene in the action.  The court denied Balber's application as untimely, overruled her objection, approved the settlement and entered a judgment in accordance with the settlement terms.  Balber's subsequent statutory motion to vacate the judgment was denied by operation of law.

   On appeal from the judgment Balber contends the court erred in approving the settlement agreement, primarily arguing the notice sent to class members was inadequate.  However, in her briefs in this court Balber has not challenged the court's ruling denying her application to intervene; and she has not appealed from the denial of her motion to vacate the judgment.

_____

[1]   In addition to Eck, the other named class members are Tyler Chapman, Brendan Eisan and Justin Kristopher Le-Roy.

2

Because Balber is not a party of record and has not utilized the procedures available to alter her status, she lacks standing to appeal from the judgment. Accordingly, the appeal is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Putative Class Action*

On April 1, 2015 Eck and other named plaintiffs, on behalf of themselves and the proposed class of DWP ratepayers, filed a putative class action alleging DWP had charged its electric utility customers fees and other amounts that exceeded the cost of providing electric utility service by approximately 8 percent; these overcharges were designed to fund annual transfers from DWP to the City's reserve fund to benefit the City's general fund; and such transfers, which had not been approved by the voters, constituted an illegal tax in violation of the California Constitution.

### 2. *Preliminary Approval of a Class Action Settlement*

On September 14, 2017 the court conditionally granted class certification for purposes of settlement and granted preliminary approval of a proposed settlement agreement between the class plaintiffs, on the one hand, and the City and DWP, on the other hand. The proposed settlement created a $52 million settlement fund, along with at least $243 million in what the Eck parties have characterized as future savings for ratepayers. The court scheduled a hearing concerning final approval of the settlement and ordered notice to be provided to all unnamed class members in accordance with the terms of its order.

### 3. *Balber's Objection to the Proposed Settlement*

On December 27, 2017, in response to the plaintiffs' notice of motion and motion for final approval of the class action

3

settlement, Balber timely objected to the proposed settlement.  In her papers supporting her objection, Balber primarily alleged (1) notice of the proposed settlement was inadequate and/or misleading because it failed to apprise class members of a planned $241 million transfer of funds from DWP to the City for fiscal year 2017-2018; and (2) the waiver and release provisions of the settlement were overbroad in that they expressly permitted DWP to make future transfers of funds to the City that amounted to an unconstitutional tax.

  4. *Balber's Unsuccessful Ex Parte Application To Intervene, the Order Approving Settlement and Entry of Judgment*

  On February 14, 2018, the date of the fairness hearing, Balber filed an ex parte application to intervene in the action.  The court denied the application as untimely, overruled Balber's objection (and the objections of other unnamed class members) and, finding notice proper and the settlement agreement fair, adequate and reasonable, granted final approval of the settlement.  The court entered judgment on February 26, 2018.

  5. *Balber's Motion To Vacate the Judgment*

  On March 6, 2018 Balber moved to vacate the judgment pursuant to Code of Civil Procedure section 663.[2]  Balber failed to obtain a ruling on her motion, and it was denied by operation of law on April 30, 2018.  (§ 663a, subd. (b).)

  6. *Balber's Appeal from the Ruling Denying Her Motion To Intervene and from the Judgment*

  On April 27, 2018, while Balber's motion to vacate was pending, Balber filed a notice of appeal identifying the denial of her ex parte application for leave to intervene and the judgment

---

[2]  Statutory references are to this code.

as the order/judgment from which she appealed. Balber did not file a notice of appeal from the subsequent denial of her motion to vacate the judgment.

## DISCUSSION

1. *Governing Law*

Section 902 provides that "[a]ny party aggrieved" may appeal a judgment. "'It is generally held, however, that only parties of record may appeal; consequently one who is denied the right to intervene in an action ordinarily may not appeal from a judgment subsequently entered in the case. [Citations.] Instead, he [or she] may appeal from the order denying intervention.'" (*Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 263 (*Hernandez*).)

In *Hernandez* the Supreme Court reaffirmed its longstanding precedent that unnamed class members do not become parties of record under section 902 with the right to appeal the class settlement, judgment or attorney fee award unless they (1) move to intervene in the action before the action is final, or (2) move under section 663a to vacate the judgment. (*Hernandez, supra*, 4 Cal.5th at pp. 263-265, citing *Eggert v. Pac. States S. & L. Co.* (1942) 20 Cal.2d 199, 201 (*Eggert*).) Then, if either motion is unsuccessful, the unnamed class member may appeal from the order denying intervention and/or the motion to vacate. (*Hernandez*, at p. 269 ["'[A]ppellants had ample opportunity even after the court made its orders to become parties of record by moving to vacate the orders to which they objected. They could then have appealed from the order denying the motion'"]; *Eggert*, at p. 201 [same].)

5

### 2. *Balber Lacks Standing To Appeal the Judgment*

Despite a notice of appeal identifying the court's ruling denying her application for leave to intervene, Balber has not challenged in her appellate briefs the court's ruling on her request for intervention. Accordingly, as Balber acknowledges, she has forfeited, or abandoned, any argument that could have, if successful, permitted her to obtain standing in the action as a party of record. (See *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issue not raised on appeal deemed forfeited or abandoned]; *Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1136 [same]; *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 729, fn. 1 [same].)

Balber could have also obtained standing by appealing from the denial of her statutory motion to vacate. (*Hernandez, supra,* 4 Cal.5th at p. 267 ["[s]econd, although not a method of intervention, an unnamed party to the action may also become a named party by filing an *appealable* motion to set aside and vacate the class judgment under section 663," italics added]; *Eggert, supra,* 20 Cal.2d at p. 201 [same]; see also *Elliott v. Superior Court* (1904) 144 Cal. 501, 509 [a stranger to an action "may make himself a party by moving to set aside such judgment or order, and if his motion is denied may, on appeal from that order, have the proceeding of which he complains" reviewed for error].) However, Balber failed to appeal that postjudgment ruling, even though it was an appealable order. (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 134-135.)

Balber contends neither of those omissions—her failure to challenge the court's ruling on intervention in her appellate

briefs or her failure to appeal the denial of her motion to vacate—defeats her standing on appeal. Relying on *County of Alameda v. Carleson* (1971) 5 Cal.3d 730 (*Carleson*), Balber contends that all that was required for her to obtain standing to contest the judgment on appeal was to file a motion to vacate the judgment in the trial court, which she did. *Carleson* does not assist Balber.

In *Carleson* several counties brought an action for declaratory and injunctive relief against Robert Carleson, then director of the Department of Social Welfare, contending certain Department regulations pertaining to eligibility for federal welfare grants were invalid. Three welfare recipients and a California welfare rights organization (collectively CWRO) sought to intervene in the action, alleging they had an interest in the amounts of grants that were directly at issue in the lawsuit. The trial court denied CWRO's motion to intervene. On March 25, 1971 CWRO filed a notice of appeal from the ruling denying intervention. On April 9, 1971 the court issued its judgment in the underlying action. CWRO moved to vacate the judgment pursuant to section 663; the court struck the motion, concluding it was an improper vehicle to challenge the court's ruling; and on May 7, 1971 CWRO filed a notice of appeal "from the entire proceedings in the case." (*Carleson, supra,* 5 Cal.3d at pp. 734-735.)

In concluding CWRO had standing on appeal to challenge the judgment as a "party aggrieved" under section 902, the *Carleson* Court emphasized CWRO's motion to vacate: "CWRO has contended that the trial court incorrectly concluded, on the basis of the findings of fact, . . . , that existing regulations promulgated and interpreted by Carleson were invalid. If the court's conclusion was indeed incorrect, that error could have

7

been reviewed by a motion to vacate under section 663. We conclude, therefore, that CWRO became a party of record to the [underlying] action, that it had standing to appeal from the judgment in that case, and that consequently this court has jurisdiction to determine the substantive issues raised [by CWRO] in its appeal." (*Carleson, supra,* 5 Cal.3d at p. 738.)

Balber focuses on this language in *Carleson* to support her argument that it is the filing of the motion to vacate in the trial court that creates standing, not the appeal of the court's ruling denying that motion. But in *Carleson* CWRO filed its second notice of appeal after the court had struck its motion to vacate; and CWRO's notice of appeal from "all proceedings" encompassed the court's ruling striking that motion. (See § 906 [upon an appeal from an appealable order, the reviewing court may review any intermediate ruling or order that necessarily affects the judgment or order appealed from or substantially affects the rights of a party].) Finding CWRO's motion to vacate procedurally and substantively proper and implicitly concluding the trial court erred in striking the motion, the Court then considered the propriety of the judgment. (*Carleson, supra*, 5 Cal.3d at p. 738.) Unlike the appellant in *Carleson*, Balber did not appeal from the denial of her motion to vacate or from any other appealable order entered after the denial of its motion to vacate.[3] Accordingly, Balber remains a stranger to the action

---

[3] Balber could have timely filed her notice of appeal from the judgment after her motion to vacate was denied. (See Cal. Rules of Court, rule 8.108(c) [extending time to file notice of appeal following filing of motion to vacate]; see also § 663a, subd. (b) [deadline for when motion to vacate is automatically denied by operation of law].) Had she done so, we, like the Court in

8

without standing to challenge the judgment on appeal.  (See *Hernandez, supra,* 4 Cal.5th at p. 267; *Eggert, supra,* 20 Cal.2d at p. 201.)

Finally, Balber contends her failure to appeal from the denial of her motion to vacate was harmless error because, she explains, any appeal from the denial of that motion would necessarily have encompassed the propriety of the final judgment from which she has filed a notice of appeal.  However, there is no harmless error exception for this unwaivable jurisdictional defect.  (*People ex rel. Allstate Ins. Co. v. Dahan* (2016) 3 Cal.App.5th 372, 376-377 [""[A]n appeal may be taken only by a party who has standing to appeal.  [Citation.]  This rule is jurisdictional.  [Citation.]"  [Citation.]  It cannot be waived"]; *Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67 [same].)

**DISPOSITION**

Balber's appeal from the judgment is dismissed.  The Eck plaintiffs, the City and DWP are to recover their costs on appeal.


PERLUSS, P. J.

We concur:


ZELON, J.                    SEGAL, J.

---

*Carleson*, could have liberally construed her notice of appeal from the judgment to encompass the denial of her motion to vacate. (See § 906; Cal. Rules of Court, rule 8.100(a)(2) ["[t]he notice of appeal must be liberally construed"].)

9